J-S70035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
             Appellee :
:
      v. :
:
DEVIN ALEXANDER, :
:
             Appellant : No. 1231 EDA 2014

Appeal from the PCRA Order Entered March 25, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1026581-1991

BEFORE: LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED NOVEMBER 10, 2014**

Devin Alexander (Appellant) appeals from an order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On April 20, 1992, Appellant was convicted following a non-jury trial of burglary, criminal conspiracy, five counts of aggravated assault, and other related charges in connection with a home invasion. On July 30, 1992, Appellant was sentenced to an aggregate term of 35 to 70 years' incarceration. This Court affirmed the judgment of sentence. ***Commonwealth v. Alexander***, 636 A.2d 1206 (Pa. Super. 1993) (unpublished memorandum). Appellant filed a petition for allowance of appeal in our Supreme Court. The Court denied that petition on April 4, 1994. ***Commonwealth v. Alexander***, 644 A.2d 731 (Pa. 1994) (table).

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant then filed a series of PCRA petitions, all of which were denied at the PCRA court level, with this Court affirming those orders. Appellant's latest PCRA petition, and the one at issue here, was filed *pro se* on May 18, 2012. On July 10, 2012, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's petition as untimely filed without holding an evidentiary hearing. The court formally dismissed the petition on March 25, 2014,[1] and Appellant timely filed a notice of appeal.[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.

---

[1] The reason for the unacceptable twenty-month delay does not appear of record.

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and none was filed. The PCRA court did file an opinion pursuant to Pa.R.A.P. 1925(a).

Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

Appellant clearly filed his petition well over one year after his judgment became final. Thus, he untimely filed the petition, unless the petition alleged and Appellant proved one or more of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In his PCRA petition and on appeal, Appellant contends that his petition fits under the exception found at subsection 9545(b)(1)(iii). Appellant asserts that in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the United States Supreme Court announced a new constitutional right and that this new right not only renders his petition timely filed but also dictates that he receive PCRA relief.[3]

---

3

In **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013), this Court held that **Lafler** did not create a new constitutional right. Thus, **Lafler** does not create a basis for which to apply subsection 9545(b)(1)(iii). Accordingly, the PCRA court properly concluded that Appellant's petition was untimely filed without exception.[4]

---

> **Lafler** involved a criminal defendant who elected to proceed to trial rather than plead guilty based upon counsel's advice that the Commonwealth would be unable to prove intent to kill because the defendant shot the victim below the waist. The defendant received a mandatory sentence of incarceration more than three times longer than had been offered by the Commonwealth in the initial plea agreement. It was uncontested that counsel's advice fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment.

**Commonwealth v. Lewis**, 63 A.3d 1274, 1280 (Pa. Super. 2013) (internal quotations and citations omitted).

[4] On August 11, 2014, Appellant filed with this Court an Application for Post-Submission Communication. In that petition, Appellant argued that his sentence is illegal pursuant to **Alleyne v. United States**, 131 S.Ct. 2151 (2013). In **Alleyne**, the United States Supreme Court held that "any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt[.]" **Commonwealth v. Munday**, 78 A.3d 661, 665 (Pa. Super. 2013) (internal quotations omitted). However, in order to entertain a legality of the sentence claim, the court must have jurisdiction to do so.

> It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*. However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014

---

***Commonwealth v. Miller***, __ A.3d __, 2014 WL 4783558, at *5 (Pa. Super. filed September 26, 2014) (internal quotations and citations omitted). Because neither the PCRA court nor this Court has jurisdiction over Appellant's untimely PCRA petition, we are not permitted to consider his legality of the sentence claim.